Dear Representative Melancon:
You requested this opinion from the Office of the Attorney General. Specifically, you state that "LSA-R.S. 23:1191, et seq, provided for language that allowed the LWCC (Louisiana Worker's Compensation Corporation) to assess policyholders in the event of a shortfall in estimated premiums because of losses." You further stated that you were writing to ask whether language should be provided in the policy or on the face of the policy to make sure that "policyholders are aware of the assessing abilities of the corporation."
LSA-R.S. 23:1191, et seq, does not provide for the Louisiana Worker's Compensation Corporation. ("LWCC"). That corporation is established at LSA R.S. 23:1391, et seq. One of the purposes of the LWCC is provided at R.S. 23:1391 (B) as follows:
 "B. It is the purpose of the corporation to provide a residual market for those employers that have in good faith, but without success, sought worker's compensation insurance in the voluntary market of insurance; to provide a competitive market for preferred risk policies as defined herein; and to insure that rates charged are adequate to provide solvency and self-funding of the corporation." (Emphasis supplied).
Thus, rates charged employers for coverage are intended to be adequate to allow that the corporation is solvent and self-funded.
As provided at R.S. 23:1395 (E) as follows:
 "E. The corporation shall be liable for payment of assessments imposed by the Louisiana Office of Workers' Compensation Administration, the Louisiana Workers' Compensation Second Injury Fund, and the United States Department of Labor pursuant to Section 44 of the United States Longshore and Harbor Worker's Compensation Act."
Shortfalls in estimated premiums because of losses are not discussed in these statutes directly. However, the language employed at 23:1391 (B) as quoted above which states that the rates charged are intended to be adequate to provide for the solvency and self-funding of the corporation implies that the legislature did not intend for the employer/policyholder to be assessed further for losses.
Instead, the legislative plan for funding the corporation is by charging fees, (R.S. 23:1391). If the corporation does not have sufficient funds to pay claims under policies issued by the corporation, the corporation is authorized to borrow funds backed by the full faith and credit of the State of Louisiana, a significant power, as provided by R.S. 23:1397 as follows:
 "A. The corporation shall not incur capitalization debt, in the aggregate, of over five million dollars unless prior approval is obtained from the State Bond Commission.
 B. Any proceeds from debt incurred pursuant to this Section shall be used only for the operations of the corporation and for cash flow purposes to pay any claims under policies issued by the corporation.
 C. The full faith and credit of the State of Louisiana shall be pledged for any debt incurred pursuant to this Section subject to the provisions of R.S. 23:1404."
No mention is made of any further assessment of the policyholders by the corporation. Rather, a mandate is provided at R.S. 23:1404 (B) that expressly states as follows:
 "B. Notwithstanding any other provision of law, the corporation shall be self-funding and cover corporation losses and expenses. The sole source of continual funding of the corporation shall be its policyholders and contractual services fees, except as provided in R.S. 23:1397
and 1399(A)(5). There shall be no requirement for any insurer to capitalize the corporation. There shall be no assessments or other liability imposed on any insurer for any deficit of the corporation."
R.S. 23:1392 (A) (7) defines policyholder as a "natural or artificial person named as the insured in a current policy issued by the corporation." This definition appears to have caused some confusion in R.S. 23:1401 (B). In that statute, the words policyholder and insurer are used interchangeably. Policyholders in addition to the definition provide at R.S. 23: 1392 A(7), are the insured employers who provide this insurance coverage for employees and who are the insured of the corporation, but the insurer of their employees.
Thus, the LWCC statutes provide that there shall be no assessments or other liability imposed on any insurers for any deficit or shortfall of the corporation.
It is the opinion of this office, that the LWCC expressly shall not assess policyholders in the event of a shortfall in estimated premiums because of losses. Thus, such language should not be included on the face of the policy.
Trusting this to be of sufficient information, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JANE BISHOP JOHNSON Staff Attorney